UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUL 13 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | No. SA-02-CR-655(2)-OG |
| JERALD CRAIG, | * | |
| Defendant. | * | |
| | * | |

## AGREED ORDER MODIFYING SUPERVISED RELEASE

Before the Court is the May 31, 2011, petition and the July 6, 2011 motion to revoke the Defendant's five-year supervised-release term, which began on or about March 3, 2008, for his 2002 Class B narcotics felony. Through their signatures below, the parties and probation office have requested that the Court modify, rather than revoke, the Defendant's supervised release. The Court agrees and orders that:

1. ***Reimposition of earlier imposed supervised-release conditions.*** Unless otherwise indicated herein, all mandatory, standard, and special conditions of supervised release previously imposed on the Defendant in this case shall remain in full force and effect, including but not limited to substance-abuse treatment and testing as directed by the probation office.

2. ***Special supervised-release conditions added.*** The Defendant shall--

<u>Residential treatment.</u> For ninety (90) days, reside at and participate in in-patient drug treatment at Lifetime.

3. ***Defendant's admission of premodification violations.*** The Defendant admits that from September 2010 through May 2011, he possessed and used cocaine and marijuana on

several occasions as outlined in the petition to revoke. In addition, the Defendant admits that he failed to report for the submission of a urine specimen in May of 2011.

4. ***Subsequent use of premodification violations.*** At any time before supervision in this case expires or as otherwise allowed by law, the Court, probation office, or the government may institute revocation proceedings under 18 U.S.C. § 3583(e)(3), (g)(1), (g)(3), and/or otherwise, based upon the Defendant's prior supervised-release violations, including any which have prompted the modifications embraced by this Order or a prior order of the Court, if the Court, probation officer, or government, in the sole discretion of any of them, determines that the Defendant has not, subsequent to the filing of this Order, complied fully with any supervision condition.

5. ***Custody directive.*** The Defendant shall remain in custody until placed at Lifetime.

6. ***Defendant's waiver of rights.*** The Defendant, with the assistance of counsel, urges that the Court forthwith and without any further hearing enter this agreed order; and, in so doing, the Defendant–having read and understood the revocation petition and this Order, having thoroughly discussed them with his attorney, and having agreed to the terms of this Order–knowingly and intelligently waives his right to any hearing, under the Constitution, FED. R. CRIM. P. 32.1(c) and 43, 18 U.S.C. § 3583(e)(2), or any other authority.

SO ORDERED on July __12__, 2011.

_____
ORLANDO GARCIA
Chief United States District Judge

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

_____    Date  7/11/2011
JERALD CRAIG
Defendant

_____    07/11/2011
MOLLY ROTH                         Date
Assistant Federal Public Defender
Counsel for Defendant

_____    07/12/2011
KAREN NORRIS                       Date
Assistant United States Attorney
Counsel for Plaintiff

_____    7-11-11
CRISELDA FUENTES                   Date
United States Probation Officer

_____    7-11-11
ISABEL PRUNEDA                     Date
Supervising United States Probation Officer